## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

                                      Case No. 09-33831

JOSHUA LYNN WEBB
f/d/b/a FTK ENTERTAINMENT

           Debtor


DAVID HEYNEN

           Plaintiff

     v.                                   Adv. Proc. No. 09-3182

JOSHUA LYNN WEBB

           Defendant


## MEMORANDUM ON MOTION
## FOR PARTIAL SUMMARY JUDGMENT

**APPEARANCES:**   PAINE, TARWATER, AND BICKERS, LLP
                            John W. Elder, Esq.
                            J. Scott Griswold, Esq.
                            2200 Riverview Tower
                            900 South Gay Street
                            Knoxville, Tennessee 37902
                       LITTLE & MILLIGAN, PLLC
                            F. Scott Milligan, Esq.
                            900 East Hill Avenue
                            Suite 130
                            Knoxville, Tennessee 37916
                            Attorneys for Plaintiff

      CLARK & WASHINGTON, P.C.
       Zachary S. Burroughs, Esq.
       5401 Kingston Pike
       Building #3, Suite 610
       Knoxville, Tennessee  37919
       Attorneys for Defendant

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

The Plaintiff filed the Complaint Objecting to Discharge of the Debtor (Complaint) on October 16, 2009, asking the court for a determination that an unliquidated claim for damages pending in the Knox County Circuit Court be declared nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and/or (6) (2006). The Defendant filed his Answer to Complaint Objecting to Discharge of Debtor on November 30, 2009, and the "First Amendment" thereto on March 9, 2010. On January 15, 2010, the court entered a scheduling Order which, by agreement of the parties, amended the Complaint to define the issue the court is called upon to resolve as follows:

> The issue[] the court is called upon to resolve [is] whether the [damages the Plaintiff may be entitled to recover from the Defendant][1] as ultimately determined by this court or the Circuit Court for Knox County, Tennessee, in the action styled *David Heynen v. David Christopher Lewis, Josh Webb, Give Life Foundation, and FTK Entertainment, Inc.*, Docket No. 2-311-08, are nondischargeable under 11 U.S.C. § 523(a)(2)(A) and/or 11 U.S.C. § 523(a)(6).

Presently before the court is the Motion For Partial Summary Judgment filed by the Plaintiff on February 16, 2010, accompanied by a Statement of Undisputed Material Facts and Memorandum of Law as required by E.D. Tenn. LBR 7056-1. Incorporated into and made a part of the Statement of Undisputed Material Facts is an Order entered in the Circuit Court for Knox County, Tennessee, in *Heynen v. Lewis, et al*, Docket No. 3-227-08, on April 14, 2009, together with a copy of the transcribed March 20, 2009 Memorandum Opinion and Findings of Fact issued by the state court judge from the bench and filed on April 3, 2009. Pursuant to E.D. Tenn. LBR 7056-1(b), on

---

[1] This bracketed phrase has been inserted in place of the phrase "Defendant's liability to the Plaintiff" as originally set forth in the January 15, 2010 pretrial Order.

March 9, 2010, the Defendant filed his Response to Plaintiff's Statement of Material Facts and a brief in opposition to the Plaintiff's motion.[2]

This is a core proceeding. 28 U.S.C. § 157(b)(2)(I) (2006).

# I

For the purposes of summary judgment, the following facts are not in dispute. On May 14, 2008, the Plaintiff filed a civil action against the Defendant in the Circuit Court for Knox County, Tennessee, styled *David Heynen v. David Christopher Lewis, Josh Webb, Give Life Foundation, and FTK Entertainment, Inc.*, No. 3-211-08 (State Court Lawsuit), alleging breach of contract, intentional misrepresentation, civil conspiracy, common law fraud, unjust enrichment, and willful and knowing violations of the Tennessee Consumer Protection Act (State Court Complaint). STMT. OF UNDISP. MAT. FACTS at ¶¶ 1-2. Generally, the State Court Complaint alleges the following:

> (1) the Defendant and his co-defendant, Lewis, "misrepresented themselves as agents/employees of Give Life who had authority to contract with Plaintiff to sell Merchandise from celebrities who were induced to appear and autograph merchandise on behalf of the alleged charitable organization[;]" (2) the Defendant and Lewis "willfully, intentionally, [and knowingly . . .] misrepresented to Plaintiff their intentions to fulfill the contract in the weeks following AdventureCon 2007" but

---

[2] The Plaintiff did not comply with E.D. Tenn. LBR 7007-1(a), which states, in material part, that "[u]nless the court directs otherwise, the opposing party [to a motion filed in an adversary proceeding] must file a response within 21 days after the date of filing of the motion. Any response must be supported by a brief setting forth the facts and law in opposition to the motion. A failure to respond timely will be construed to mean that the respondent does not oppose the relief requested by the motion." E.D. Tenn. LBR 7007-1(a). The Defendant's Brief in Opposition to Plaintiff's Partial Motion for Summary Judgment does not constitute a response as contemplated by the Local Rules. Nevertheless, this deficiency does not affect the overall disposition of the Motion for Partial Summary Judgment.

Additionally, the Plaintiff filed a Reply to Defendant's Brief in Opposition to Plaintiff's Partial Motion for Summary Judgment on March 23, 2010, to which the Defendant filed the Defendant's Surreply Brief in Opposition to Plaintiff's Partial Motion For Summary Judgment or, in the Alternative, Correction to Defendant's Brief in Opposition to Plaintiff's Partial Motion for Summary Judgment on March 29, 2010; however, neither document was authorized under the Local Rules or court order, and neither document was considered.

    that neither "intended to perform what they promised to perform[;]" (3) the Defendant and his co-defendants "intentionally and willfully engaged in a scheme, with the intent and knowledge of one another, to accomplish, by concert, acts of fraud by misrepresenting the role of Give Life, as a non-profit organization, in the transactions between Plaintiff and [co-defendant] Lewis, on behalf of Give Life, which resulted in damages to Plaintiff[;]" (4) "[b]y engaging in a scheme whereby representations were made which induced Plaintiff, celebrities, and event organizers to contract with Give Life, by and through its Senior Vice President for Development, [co-defendant] Lewis, all Defendants intentionally engaged in activities whose purpose was to defraud Plaintiff and others" and "[a]ll Defendants knew or should have known the acts set forth herein constituted fraud[;]" and (5) the Plaintiff reasonably relied upon the foregoing misrepresentations to his detriment.

STMT. OF UNDISP. MAT. FACTS at ¶¶ 3-8.  As it specifically relates to the Tennessee Consumer Protection Act, the State Court Complaint further avers that "[t]he fraudulent conduct allowed Defendants to negotiate favorable contracts with celebrities, convention promoters, product sellers, and merchandise purchasers such as Plaintiff by representing that the work of the Defendants was to only promote the goals and mission of the non-profit charitable organization" and "[i]n misrepresenting the role of Give Life or the actual intent of the Defendants to collect funds and Merchandise for the charitable purposes, Defendants utilized an unfair and/or deceptive trade practice to obtain monetary gain." STMT. OF UNDISP. MAT. FACTS at ¶¶ 9-10.

    On January 16, 2009, following a hearing on all pending motions on January 9, 2009, an Order was entered in the State Court Lawsuit granting, *inter alia*, the following relief:  (1) denying a motion for continuance filed by the Defendant; (2) granting the Plaintiff's motion for discovery order and expedited relief; (3) finding, pursuant to the court's Memorandum Opinion issued January 9, 2009, that the Defendant "deliberately and knowingly failed to abide by the Tennessee Rules of Civil Procedure and disregarded the properly issued Notices of Deposition therefore justifying the relief requested by Plaintiff and provided for in Rules 37.02 and 37.04 of the

Tennessee Rules of Civil Procedure"; (4) striking any and all answers and/or defenses asserted by the Defendant; and (5) entering a default judgment against the Defendant "for breach of contract, negligent misrepresentation, intentional misrepresentation, civil conspiracy, common law fraud, willful and knowing violations of the Tennessee Consumer Protection Act, and unjust enrichment[.]" STMT. OF UNDISP. MAT. FACTS at ¶¶ 11-14; COMPL. EX. B. Per the January 16, 2009 Order, "the only remaining issue to be determined is the amount of damages Plaintiff David Heynen [is] entitled to recover." COMPL. EX. B at ¶ 6; STMT. OF UNDISP. MAT. FACTS at ¶ 17.

Pursuant to the Pretrial Order entered on January 15, 2010,[3] the Plaintiff asks the court to find that any damages which might be awarded him in the future either by this court or by the state court pursuant to the Order entered in the State Court Lawsuit on January 16, 2009, will be nondischargeable. In his Motion for Partial Summary Judgment, the Plaintiff argues that the undisputed facts show that the Order is entitled to full faith and credit by the bankruptcy court, that the Defendant is collaterally estopped from re-litigating any of the issues raised, and that the judgment assigning liability against the Defendant establishes a nondischargeable obligation under 11 U.S.C. § 523(a)(2)(A) and/or (6). The Defendant disputes that the Plaintiff is entitled to summary judgment, arguing that the Order does not establish that the elements necessary for a determination of nondischargeability were raised in the State Court Complaint and the Order is not subject to collateral estoppel effect.

---

[3] *See supra* n.1.

6

## II

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted but simply determines whether a genuine issue for trial exists, and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

As the moving party, the Plaintiff bears the initial burden of proof that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Owens Corning v. National Union Fire Insurance Company*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the Defendant, as the nonmoving party, to provide sufficient proof of a genuine issue for trial through the use of affidavits or other evidence, FED. R. CIV. P. 56(e)(2), but he should not rely solely upon the allegations or denials contained in the pleadings, as reliance upon a "mere scintilla of evidence in support of the non-moving party is insufficient." *Nye v. CSX Transportation, Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Electric Industrial Company, Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Harris v. General Motors Corporation*, 201 F.3d 800, 802 (6th Cir. 2000).

The court views the facts and all resulting inferences in a light most favorable to the non-moving party and will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law[,]" *Anderson*, 106 S. Ct. at 2512, but "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 106 S. Ct. at 1356 (citations omitted).

### III

In support of his Motion for Partial Summary Judgment, the Plaintiff argues that the Default Judgment is governed by principles of collateral estoppel and that re-litigation of the liability issue is precluded. Collateral estoppel, or issue preclusion, is an "extension" of the doctrine of res judicata, which "actually comprises two doctrines concerning the preclusive effect of a prior adjudication, claim preclusion and issue preclusion[,]" *J.Z.G. Resources, Inc. v. Shelby Insurance Company*, 84 F.3d 211, 214 (6th Cir. 1996), and its purposes are to relieve the parties of multiple lawsuits, conserve judicial resources, and promote finality by preventing inconsistent decisions. *Allen v. McCurry*, 101 S. Ct. 411, 415 (1980).

The doctrine derives from the Full Faith and Credit Statute, which provides that "judicial proceedings . . . [of any State] shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . ." 28 U.S.C. § 1738 (2006). In other words, "a federal court must give to a state-court judgment the same preclusive

effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School District Board of Education*, 104 S. Ct. 892, 896 (1984); *see also Montana v. United States*, 99 S. Ct. 970, 973 (1979) ("[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation."). Accordingly, if a claim or issue would be barred under state law, and no exception to § 1738 applies, the judgment is given preclusive effect. *Marrese v. American Academy of Orthopaedic Surgeons*, 105 S. Ct. 1327, 1335 (1985); *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir. 1997). The Supreme Court has held that collateral estoppel applies in § 523(a) actions, *Grogan*, 111 S. Ct. at 658 n.11, and the Sixth Circuit has likewise applied it to default judgments. *Calvert*, 105 F.3d at 322; *Rally Hill Prods. v. Bursack (In re Bursack)*, 65 F.3d 51, 54-55 (6th Cir. 1995).

Under Tennessee law, collateral estoppel "bars the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding." *Mullins v. State*, 294 S.W.3d 529, 534 (Tenn. 2009). "Thus, when an issue has been actually and necessarily determined in an earlier proceeding between the parties, that determination is conclusive against the parties in subsequent proceedings." *Mullins*, 294 S.W.3d at 534 (citation omitted). Collateral estoppel "applies to issues of law and to issues of fact." *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001); *see also Booth v. Kirk*, 381 S.W.2d 312, 315 (Tenn. Ct. App. 1963) ("[M]aterial facts or questions which were in issue in a former action and were there admitted or judicially determined, are conclusively settled by a judgment rendered therein,

9

and . . . such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties.") (citation omitted).

A party asserting collateral estoppel "has the burden of proving that the issue was, in fact, determined in a prior suit between the same parties and that the issue's determination was necessary to the judgment." *Dickerson v. Godfrey*, 825 S.W.2d 692, 695 (Tenn. 1992). To be successful, the following must be demonstrated:

> (1) that the issue sought to be precluded is identical to an issue decided in an earlier proceeding; (2) that the issue sought to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding; (3) that the judgment in the earlier proceeding has become final; (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding; and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Mullins*, 294 S.W.3d at 535. Although the bankruptcy court has exclusive jurisdiction over actions to determine dischargeability, if a state court, in the course of adjudicating state law questions, also determines factual issues with standards identical to those in § 523(a), collateral estoppel bars re-litigation of the issues by the bankruptcy court. *See Brown v. Felsen*, 99 S. Ct. 2205, 2213 n.10 (1979).

While each requirement must be met in order to make a finding that a judgment falls within the doctrine, "[a] final judgment is essential under . . . collateral estoppel." *State v. Thompson*, 285 S.W.3d 840, 848 (Tenn. 2009). "A final judgment . . . is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009) ("An order that fails to adjudicate all of the parties' claims is unenforceable and not subject to appeal.") (citing TENN. R. APP. P. 3(a)). Conversely, "[a]n interim order is one that adjudicates

an issue preliminarily[.]" *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997).

The Order entered on January 16, 2009, in the State Court Lawsuit expressly states that the amount of damages to which the Plaintiff was entitled remained to be decided. Under Tennessee law, "[a] trial court's judgment is not final where the amount of damages has not been fully and finally determined." *Sanders v. Holloway*, 2009 Tenn. App. LEXIS 819, at *8, 2009 WL 4642597, at *3 (Tenn. Ct. App. Dec. 9, 2009). Accordingly, the Plaintiff's collateral estoppel argument fails from the onset because the Order entered in the State Court Lawsuit on January 16, 2009, was not a final judgment, and it is not necessary for the court to examine any of the remaining requirements of the doctrine. The Defendant is not collaterally estopped by the January 16, 2009 Order from defending this adversary proceeding and the Plaintiff's claims under § 523(a)(2)(A) and (a)(6).

Because there are genuine issues of material fact to be determined, the Plaintiff's Motion for Partial Summary Judgment shall be denied. An order consistent with this Memorandum will be entered.

FILED: March 30, 2010

                              BY THE COURT

                              */s/  RICHARD STAIR, JR.*

                              RICHARD STAIR, JR.
                              UNITED STATES BANKRUPTCY JUDGE